**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMOJI COMPANY GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 CV 2862 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| WUPENGFEI, et al. ) | |
| Defendants. | |

**SEALED TEMPORARY RESTRAINING ORDER**

THIS CAUSE coming before the Court on Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Transfer of the Defendant Domain Names, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication (the "Ex Parte Motion") against the defendants identified on Schedule A to the Amended Complaint (hereinafter "Complaint") and attached hereto (collectively, the "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplace Accounts"), and this Court having considered the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion.

This Court further finds that plaintiff has made a *prima facie* showing of personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of U.S. Trademark Registration Nos. 4,868,832; 5,202,078 and 5,415,510 (referenced below).

1

https://www.emoji.com/



This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declarations of José Santiago, Anna K. Reiter and Michael A. Hierl and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *Ex Parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including ContextLogic, Inc. ("Wish") accounts, to offshore accounts. As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

a. using Plaintiff's EMOJI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not genuine EMOJI products or not authorized by Plaintiff to be sold in connection with Plaintiff's EMOJI Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any products as genuine EMOJI products or other products produced by Plaintiff, that are not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's EMOJI Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's EMOJI Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by

        Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's EMOJI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit EMOJI products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's EMOJI Trademarks and any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine EMOJI product or not authorized by Plaintiff to be sold in connection with Plaintiff's EMOJI Trademarks.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) its true name and physical address, (b) all websites and online marketplace accounts on any platform that it owns and/or operates (c) its financial accounts, including all Wish accounts, and (d) the steps taken by that Defendant to comply with paragraph 1, a through h, above.

3. The domain name registries for the Defendant Domain Names, including, but not

Limited to, VeriSign, Inc.; Neustar, Inc.; Afilias Limited; CentralNic; Nominet; and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

   a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court; or

   b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

   4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, Wish and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the EMOJI Trademarks, including any accounts associated with the Defendants listed on Schedule A;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the EMOJI Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results. This includes but is not limited to removing links to the Defendant Domain Names from any search index.

5.    Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Wish, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Wish, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Wish, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

8. ContextLogic, Inc. ("Wish"), and its related companies and affiliates shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Wish accounts connected to and related to the information listed in Schedule A to the Complaint;

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court;

    c. Wish shall provide Plaintiff's counsel with data detailing:

        (i) an accounting of the total funds restrained and the financial account(s) which the restrained funds are related to;

        (ii) the account transactions related to the financial account(s) which have been restrained; and

        (iii) such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained; and

    d. No funds restrained by this Order shall be transferred or surrendered by Wish for any purpose (other than pursuant to a chargeback made pursuant to Wish's security interest in the funds) without the express authorization of this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A to the Complaint; and

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically

publishing a link to the Complaint, this Order, and other relevant documents on a website to which the Defendant Domain Names are transferred, or by sending an e-mail to the e-mail addresses identified in Schedule A and any e-mail addresses provided for Defendants by third parties accompanied by a link to the website where the above-identified documents are located. The Clerk of Court is directed to issue a single original summons in the name of "wupengfei" and all other Defendants identified in the Complaint that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Plaintiff's Complaint, Schedule A to the Complaint, and this Order shall remain sealed until Defendants' financial accounts are restrained. Plaintiff shall file unsealed versions of the Complaint, Schedule A to the Complaint, and this Order using the CM/ECF system prior to the expiration of this Order. Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

This Temporary Restraining Order without notice is entered on July 7, 2020, at 5:00 P.M., and shall remain in effect for fourteen (14) days.

Dated: July 7, 2020 /s/
Joan B. Gottschall
United States District Judge

# "SCHEDULE A" TO THE COMPLAINT

| No | Defendants |
|---|---|
| 1 | Wupengfei |
| 2 | Wutin |
| 3 | KUANGMENGFAN |
| 4 | litingting55 |
| 5 | Cherish blue grace |
| 6 | Chunpingdian |
| 7 | Cairui |
| 8 | Chichichi |
| 9 | chn mk |
| 10 | CWJ company |
| 11 | dingdong2014 |
| 12 | Guangzhou Feiyang Electronic Factory |
| 13 | Guoji |
| 14 | Hanxueling |
| 15 | In the shop |
| 16 | jane's super market |
| 17 | liulan store |
| 18 | pengpeng's collection |
| 19 | plokm258369@163.com |
| 20 | Romanceeee |
| 21 | shopping Happy O Yes |
| 22 | woaiwangyi188@163.com |
| 23 | yqbergkamp1204shop |
| 24 | 15205060710 |
| 25 | 15825660678@163.com |
| 26 | 2016*happystore |
| 27 | Adongjiayou |
| 28 | Adventure and Monotony |
| 29 | afdesx fashion store |
| 30 | All-in Globalmartket |
| 31 | ammos nxehemiah coltd |
| 32 | Asdfgt |
| 33 | Asuacxmj |
| 34 | Axfybfyyzyq |
| 35 | ayu0811 |
| 36 | AZI86221 |
| 37 | Azsahfbrs |

| | |
|---|---|
| 38 | Ba |
| 39 | Baby Love |
| 40 | Beyond Fashion |
| 41 | Biweizhijia |
| 42 | bruc shopping |
| 43 | Caihao |
| 44 | caixue fashion |
| 45 | Caiyidian |
| 46 | Canbin Fashion Online |
| 47 | ChangZhou liv Ltd |
| 48 | chaofeng88 |
| 49 | Chaoyanyu |
| 50 | CHENGXIN27 |
| 51 | chenjingjing521 |
| 52 | chenrong123 |
| 53 | chicnova fashion |
| 54 | China various commodity shops |
| 55 | ChinaBwin |
| 56 | ChongQing Hot Pot |
| 57 | Classic trend shop |
| 58 | clothes market 2015 |
| 59 | Codosale |
| 60 | Composedream |
| 61 | Crayons' International Trade |
| 62 | Cylkjhg |
| 63 | Daiyuxiu |
| 64 | Damishops |
| 65 | Danxiaoxiangny |
| 66 | daserwd fashion store |
| 67 | Dawang.co.ltd |
| 68 | Daxueyuan |
| 69 | Demin |
| 70 | Dhfuiyeihr |
| 71 | dingqier fashion |
| 72 | DONGGUAN CHUANQI INDUSTRIAL CO., LTD. |
| 73 | dongrui shop |
| 74 | dongyi fashion |
| 75 | Dove valley shop |
| 76 | Duqingyunpp |
| 77 | East International Knitting Co.,Ltd. |
| 78 | Exciting Little Farm |

| | |
|---|---|
| 79 | Fashion Maker Co,LTD |
| 80 | Fashion Tops Factory |
| 81 | FASHION WEY |
| 82 | Fashion21 |
| 83 | Fengyandian |
| 84 | fugeng fashion |
| 85 | Funnyshirts |
| 86 | Gaodanfeng |
| 87 | Goblinger |
| 88 | Guotongtong |
| 89 | HappyBJ |
| 90 | HEKEY |
| 91 | hhnewtrends |
| 92 | High Quality Goods |
| 93 | HK rianB store |
| 94 | huanyugaoke |
| 95 | hui_adm |
| 96 | huixu fashion store |
| 97 | jingnadian |
| 98 | jqshadow |
| 99 | JUN |
| 100 | KaiLi Rice Dumplings |
| 101 | kthzrysg |
| 102 | Lanxi Hao Bo ecommerce.Co., Ltd. |
| 103 | Liaolidian |
| 104 | Liaoshutingdian |
| 105 | lilonggang908906 |
| 106 | LINHUAN7 |
| 107 | liulijun168 |
| 108 | liuqing fashion |
| 109 | longchaoqun fashion |
| 110 | Lovelyxu |
| 111 | Luodeying |
| 112 | luyi fashion |
| 113 | LYPP |
| 114 | Mingheminxiongmei |
| 115 | MK7RVUUH |
| 116 | Mobile phone accessories LTD |
| 117 | Mosesid |
| 118 | mrkong trading company |
| 119 | new fashion 1992 |

| | |
|---|---|
| 120 | Niecisy Handbags |
| 121 | Nimengting |
| 122 | nokelo store |
| 123 | official*zhiyong |
| 124 | omhhkb shopping |
| 125 | one person001 |
| 126 | ouqu334 plaza |
| 127 | Our Day |
| 128 | panliuming fashion |
| 129 | panwei 123 |
| 130 | Pefect |
| 131 | Pengmingzhu |
| 132 | puan fashion |
| 133 | qianliuying8056126 |
| 134 | qinxiaoning8866 |
| 135 | Qinxuededianpu |
| 136 | Qiushu |
| 137 | Qliuyun |
| 138 | ROTASHAR |
| 139 | RuoMu |
| 140 | Rzuby |
| 141 | SANWELL88 |
| 142 | shench1740730 |
| 143 | Spearnaily |
| 144 | Sportniu |
| 145 | tanghua fashion |
| 146 | THANKSCC |
| 147 | Tingtingdian |
| 148 | Tongren mung flour |
| 149 | UwlyssesAyndrewmall |
| 150 | weideyua Friday |
| 151 | Weiweidian |
| 152 | Weiyuelong |
| 153 | wfpSimple |
| 154 | Wiodg |
| 155 | Wuhoodie |
| 156 | wujinzong678 |
| 157 | wujunyi5566 |
| 158 | Wuqiuzengqian |
| 159 | wushenghong fashion |
| 160 | WXBBV USGB IINV |

| | |
|---|---|
| 161 | Xia Yu Koizumi scissors brand |
| 162 | xiao jun 668 |
| 163 | Xiao wu big yards shop |
| 164 | xiaomingzhang wholeshop |
| 165 | Xiaopingmilk |
| 166 | xijnmv fashion store |
| 167 | Xinglidian |
| 168 | Xinlan66088 |
| 169 | xutiantian2016 |
| 170 | Xuzhiwei |
| 171 | Yadana |
| 172 | Yang_ming |
| 173 | Yanmingdian |
| 174 | Yanzace |
| 175 | Yunyysh |
| 176 | yxx151010 |
| 177 | Zeduandian |
| 178 | Zfgdfgdfgzcfg |
| 179 | Ziyanpingg |
| 180 | zuf55ma |
| 181 | Longsand |
| 182 | Racefish |
| 183 | Runningcity |
| 184 | Southhillpark |
| 185 | Stonehomevalley |
| 186 | Sun & Spring |
| 187 | Jfgiromnjdu |
| 188 | Langerton |
| 189 | Lotusmiss |
| 190 | sxl65546 |
| 191 | Fastfashiontrend |
| 192 | Faxianmeideni |
| 193 | Fdrhgfthjyt |
| 194 | forever new life |
| 195 | Gaosiyu |
| 196 | GL |
| 197 | Globalebuy Co., LTD. |
| 198 | Graceful home |
| 199 | Haolisayumi |
| 200 | Happy Island Toys Co.,LTD |
| 201 | Happyboyqi |

| | |
|---|---|
| 202 | Happylands |
| 203 | highsky009 |
| 204 | Home beauty trade co., LTD |
| 205 | Huahuamall |
| 206 | infantcare21 |
| 207 | jialongmaoyi232123 |
| 208 | K COOL |
| 209 | LBchaoshen |
| 210 | lily boutique shop |
| 211 | LookingforGOOD |
| 212 | Lsj |
| 213 | Megatop |
| 214 | Meiliwmoon |
| 215 | Mermaidpainting |
| 216 | mi shang company |
| 217 | pin yi xuan |
| 218 | Poppyhenler |
| 219 | Qianggegongsi |
| 220 | Rapidwood |
| 221 | Raytrad |
| 222 | REMOFON |
| 223 | Sasha168 |
| 224 | Seashell02 |
| 225 | SFJ-fashion store |
| 226 | shining shoes |
| 227 | Shuting |
| 228 | Silier |
| 229 | Small peak building materials |
| 230 | Splendid VENUS |
| 231 | Starfruit |
| 232 | Starships |
| 233 | Sweetpower |
| 234 | Taishanshan |
| 235 | Taomumu |
| 236 | TIMO Fashion Store |
| 237 | Waltha-foes |
| 238 | Argb |
| 239 | Heio shop |
| 240 | littlefairy520 |
| 241 | Mystar491 |
| 242 | Seeker |

| | |
|---|---|
| 243 | Sunwoif Co LTD |
| 244 | Timothy |
| 245 | Wisegood |
| 246 | YAOZI112233 |
| 247 | Yes Fashion |
| 248 | yfy4 |
| 249 | Zhaijinxiu |
| 250 | Zhangshulili |
| 251 | zhenzhen905 |
| 252 | zhoululu86913 |
| 253 | fy12345678901 |
| 254 | mycos factory |